IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDON LEE STEVENS,

        Plaintiff,

  vs.                    CIVIL ACTION
                            No. 10-3224-SAC

CORRECTIONS CORPORATION OF AMERICA,
et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on a *Bivens*-type[1] civil rights complaint filed by a prisoner incarcerated in the Leavenworth, Kansas, detention facility operated by the Corrections Corporation of America (CCA). Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis. In support of his motion, plaintiff provides certified financial records from his institutional account for approximately four months preceding the date of filing of this action.

Plaintiff's motion is governed by 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the records available, the court finds the average monthly deposit to plaintiff's account is $91.25, and the average monthly balance is $6.13. The court therefore assesses an initial partial filing fee of $18.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.[2]

Next, because plaintiff is a prisoner who intends to proceed in forma pauperis, the court is required to conduct a preliminary screening of the complaint and to dismiss any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) and (b).

The court's review of the complaint has identified a defect, as plaintiff names the Corrections Corporation of America as a defendant. However, it is settled that a private entity, such as CCA, is not a proper party in a *Bivens*-type action.

---

[2] Plaintiff's payments will continue until he satisfies the $350.00 filing fee in this action. These payments will be made in installments calculated pursuant to 28 U.S.C. §1915(b)(2).

In *Correctional Services Corp. v. Malesko,* 534 U.S. 61 (2001), the United States Supreme Court determined that a *Bivens* action for constitutional violations cannot be maintained against a private entity acting under contract with a federal agency.

In *Malesko*, a federal prisoner brought suit against Correctional Services Corporation ("CSC"), a private corporation that, much like CCA, was under contract with the BOP to house federal prisoners and detainees. *See id.* at 63-64. During Malesko's detention in CSC custody, CSC employees forced him to climb several floors of stairs to his living area even though he had a heart condition. *See id.* at 64. Malesko suffered a heart attack, fell, and was injured. *See id.* He then brought a *Bivens* action against CSC seeking damages. *See id*. The Supreme Court refused to extend *Bivens* liability to a private corporation operating a facility under contract with the Bureau of Prisons. *See id.* at 71 (holding the *Bivens* remedy is "solely concerned with deterring the unconstitutional acts of individual officers"). The holding in *Malesko* bars plaintiff's claim against CCA in this action.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before June 20, 2011, plaintiff shall submit an initial partial filing fee of $18.00. Any objection to this order must be filed on or

before the date payment is due. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED defendant Corrections Corporation of America is dismissed from this action.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 20th day of May, 2011.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              United States Senior District Judge
```